Johnson, J.
delivered the opinion of the Court.
The facts in evidence establish very clearly, that the administration of the testator’s estate, granted to George Foster and Pleasant Foster, was obtained by a fraudulent suppression of his will, and that the plaintiff himself was a party to the fraud; *224 and if the rights of the parties were to be determined in reference tQ state of facts alone, I am unable to perceive why the maxim, that when the parties are in pari delicto melior est con-diiio defendentis, should not apply. The argument opposed to it is, that in his participation in the fraud, he acted in his own right, and'that in the character, in which he now sues, he represents the interests of others, who ought not to be prejudiced by it. If the application of the maxim could, by any possibility,' work a prejudice to, third persons, the argument would be conclusive ; but I think it demonstrable here, that so far from it, the security of the persons interested in the estate is increased by it. If the plaintiff recovers in this action, that fund passes into his hands, and the legatees under the will, have no other security than the personal responsibility of the plaintiff himself. Butin the condition in which the parties now stand, there is no question, that if the legatees are intitled to recover the negro from the defendant, they have, in addition to his own responsibility, whatever security the administration bond of George Foster and Pleasant Foster will afford. The plaintiff himself, as par-parliceps criminis in suppressing- the will and procuring the administration, would be also responsible ; for all who participate in a fraud are equally liable to the party injured by it: and a bill in Equity, at the suit of the legatees against all the parties to the transaction, is clearly indicated by the circumstances as the most suitable, if not the only mode, in which relief can be obtained.
There is, however, another, and perhaps a more solid, objection to the plaintiff’s right to recover in this action. Granting all that may be necessary to charge the defendant, he cannot be placed in a worse situation than George Foster himself would have been, if he had remained in possession of the slave, and this suit had been brought against him; and yet this action cannot be maintained, it is true, that on the revocation of an administration, for whatever cause, he to whom the subsequent administration is granted, may maintain trover against the first administrator for goods of the deceased, which he has converted to his own use. But it is equally clear, that all acts done in the due and legal course of administration are valid, and binding on all interested, although it be afterwards revoked. Benson v. Rice & Byers, 2 N. & M. 577. Nor can the manner of obtaining the *225 administration, whether fairly or fraudulently, vary the question. Suppose it fraudulently obtained, yet if the administrator pays the debts of the estate, or does any other act, which a rightful administrator would be bound in law to do, thus far at least, it would be fair, and for the most obvious reasons would be binding. It is obvious then, that in this suit, even regarding George Foster as the defendant, a leading inquiry would be, whether he had not legally administered this part of the estate; and the case presents the novelty of an action of trover, brought to call an administrator to account, it is said that the onus of showing he had legally administered this part of the estate, devolved on him. But supposing that to be true, a Court of Law is incompetent to settle the account; and it is upon this principle that the Courts of Law refuse to entertain a suit, even on an administration bond, until the accounts have been settled, and the amount ascertained, by a competent jurisdiction.
This reasoning applies with still greater force in regard to the defendant to this suit. George Foster has not, it seems, accounted for his administration : but the defendant, having no interest in the estate, could not, by any possibility, compel him to account; and to require of him to furnish proof of the administration is to demand an impossibility. Not so with the plaintiff. Having succeeded George Foster in the administration, he might have compelled him to account; and if the proof were necessary it must of necessity have come from him, for no one else could supply it.
Motion granted.